IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLENT FREEMAN, AIS 246803, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CASE NO. 2:23-CV-308-ECM-KFP |
| TUSCALOOSA COUNTY JAIL, et al., | ) ) ) | |
| Defendants. | ) ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

Plaintiff, an inmate at the Bullock Correctional Facility in Union Springs, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions and named the Tuscaloosa County Jail and Ron Abernathy as defendants. The Complaint concerns a dispute over an alleged use of excessive force during his incarceration at the Tuscaloosa County Jail in February 2022. Doc. 1. For relief, Plaintiff request damages. *Id.* Upon review, the Court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1406.[1]

**II.   DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Plaintiff also filed a Motion to Proceed in Forma Pauperis. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When a case is filed laying venue in the wrong division or district, a district court may dismiss or, in the interest of justice, transfer the case to any district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). The actions described in Plaintiff's Complaint occurred in Tuscaloosa County, which is in the Northern District of Alabama. Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), venue is not proper in the Middle District of Alabama. Venue is proper in the Northern District of Alabama, and this case is due to be transferred under 28 U.S.C. § 1406(a).[2]

### III. CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

Further, it is ORDERED that by **June 6, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

---

[2]In transferring this case, the Court makes no determination on the merits of Plaintiff's claims.

general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

Done this 23rd day of May, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE